CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 18, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB LEE GUBIN, | ) | |
| Petitioner, | ) | Civil Action No. 7:26-cv-00436 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| UNKNOWN, *et al.*, | ) | Chief United States District Judge |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Jacob Lee Gubin, filed this action, labeled an "Extraordinary Petition," directly with the Seventh Circuit Court of Appeals. (Dkt. No. 1.) That court construed the filing as a request for a pretrial writ of habeas corpus under 28 U.S.C. § 2241 and transferred the matter to this judicial district. (Dkt. No. 1-1.) Gubin has now filed an amended petition § 2241 petition. (Dkt. No. 5.) It will be summarily dismissed.[1]

So far as the court can discern, Gubin is facing charges in Wisconsin for intimidation of a victim, bail jumping, computer message— threaten/obscenity, telephone harassment, and knowingly violating a restraining order. (Dkt. No. 1 at 4, 9–13.) Gubin was arrested on March 19, 2026, in Rockingham County. (*See id.*) He was charged as a fugitive felon, Virginia Code § 19.2-100, and is being held without bail. (*Id.* at 5.) The matter has been continued, and a hearing is scheduled for August 31, 2026. *See* Case No. GC26001024-00, Harrisonburg/Rockingham General District Court.

In certain circumstances, a state pretrial detainee can seek federal habeas corpus relief under § 2241 before the entry of a final court judgment against him. *Johnson v. Salmon*, Civil Action No. 7:22-cv-00081, 2022 WL 446033, at *1 (W.D. Va. Feb. 14, 2022). "Pretrial petitions

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Couts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered against him and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995).

Pretrial relief under § 2241, however, "is only available to a petitioner who is in custody, has exhausted his state court remedies, and has shown the existence of special circumstances to justify federal intervention." *Ward v. Clark*, No. 3:12-CV-07283, 2012 WL 7855777, at *2 (S.D.W. Va. Dec. 18, 2012). There is no evidence that Gubin has exhausted any of his claims[2] by presenting them to the Supreme Court of Virginia. Given that he was only arrested three months ago, "it would have been virtually impossible to have done so. This alone means that § 2241 relief is unavailable to him." *Johnson*, 2022 WL 446033, at *1 (citing *Dickerson v. Louisiana*, 816 F.2d 220, 229 (5th Cir. 1987)). The court declines to exercise jurisdiction without exhaustion in the absence of extraordinary or special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 90 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining that a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present").

For these reasons, it is HEREBY ORDERED that Gubin's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. All pending motions are DISMISSED WITHOUT PREJUDICE as moot. Finding that Gubin has failed to make a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. The Clerk shall strike this action from the active docket of the court and shall send a copy of this order to Gubin.

---

[2] Gubin appears to argue that his appointed attorney in Virginia is "inherently ineffective to challenge Wisconsin insufficiency of process." (Dkt. No. 1 at 3; *see also* Dkt. No. 5 at 6–7.) Gubin also alleges claims grounded in due process, equal protection, the Second Amendment, and a challenge to venue. (Dkt. No. 5 at 6–8.)

Entered: August 18, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge